MILLER *v.* GRADY.

Opinion dielivered July 8, 1905.

1. EXECUTION SALE—FAILURE TO RETURN EXECUTION.—One who purchases at execution sale is not precluded from setting up his rights as purchaser by the failure of the officer to make proper return of the execution showing what has been done under it. (Page 273.)

2. EXECUTION—PRIORITY OF LEVY.—By making a prior levy of an execution on personal property a constable secures a prior lien as against the sheriff subsequently levying upon the same property under execution. (Page 273.)

Appeal from Sevier Circuit Court.

JAMES S. STEEL, Judge.

Reversed.

### STATEMENT BY THE COURT.

This is an action in replevin, brought by appellant against appellee. Appellee claimed the property by virtue of a levy made by him as sheriff under an execution issued by the circuit clerk of Sevier County on June 16, 1902. Appellant claimed the property in controversy by purchase at an execution sale made by a constable of Sevier County on July 2, 1902, under an execution issued by a justice of the peace for said county on June 16, 1902, and levied upon the property in suit before the appellee, as sheriff, levied upon same.

It appears that certain laborers filed before one J. L. Flanigan, a justice of the peace of Sevier County, their claims against the Star Antimony Company for work and labor performed by them for said company, amounting to $74. They prayed and were granted a writ of attachment, which was issued and executed by the constable on the 3d day of June, 1902, by taking possession of the property in controversy, and duly serving the writs on the Star Antimony Company, and summoning it to appear and answer the plaintiffs' claims. On the 16th day of June, 1902, the return day of the summons, judgment by default was rendered in favor of the plaintiffs for the amounts claimed, but the record does not show what disposition was made of the attachments. The record shows, however, that on the 16th day of June, 1902, execution was issued by the justice, made returnable on the 2d day of July, 1902, and delivered to the constable. The justice's docket shows the above. It also contains this entry, "Return of execution satisfied." "On the 2d of July, 1902, the constable returned the execution satisfied in full, John L. Flanigan, J. P." A copy of the execution is set forth in the record, and it does not show any return indorsed upon it. Flanigan, who rendered the judgment and issued the executions, testified that the

constable to whom he delivered the executions advertised the property for sale on the 2d of July, 1902, and did sell the same to the appellant for a cash consideration of $400, the appellant being the highest bidder at the sale. He further testified that he thought it was several days after the executions were placed in the hands of the constable that the appellee, sheriff, came out to the mines and levied his execution on the property. The appellant introduced in evidence a bill of sale from the constable to appellant for the property in controversy, showing a consideration of $400 in hand paid. Appellant also introduced one Paul Knod, Sr., who testified, without objection, "that defendant (appellee), Sheriff Grady, did not come out to the mine and levy his execution upon the property involved in this suit for several days after the constable, John E. Dorsey, had levied on said property and advertised it for sale."

The appellee showed by the clerk of Sevier County that he issued an execution in favor of Smith, Allen & Company against the Star Antimony Company on the 16th day of June, 1902, and on the same day delivered it to R. M. Grady, the sheriff. Appellee testified that he, as sheriff of Sevier County, "levied the execution on the property involved in this suit as the property of the Star Antimony Company." He did not remember what day he levied the execution, but thought it was soon after it was delivered to him. He returned the execution to the clerk. The clerk further testified that the execution which he issued had been lost.

*S. A. Downs,* for appellant.

The law presumes, in the absence of a controverting affidavit, that the attachment was sustained by the justice. 45 Ark. 274. The intention of the parties will be given effect in a lease of this kind. 56 Ark. 55; 27 Ark. 332, 648; 29 Ark. 270; 66 Ark. 87; 13 Am. & Eng. Enc. Law, 633; 73 Ark. 227. Appellants were entitled to satisfaction out of the property levied upon. 60 Ark. 397; 11 Am. & Eng. Enc. Law, 683.

*Lake & Wingo,* for appellee.

The burden of proving title to the property in question was upon appellant. 42 Ark. 313; 22 Ark. 397. The laborers had no lien upon the mines, machinery, etc. 43 Ark. 170; 68 Ark. 180. The attachment proceedings were void. 51 Ark. 322. There

was no legal service.  69 Ark. 430; 62 Ark. 431.    The bill of exceptions is insufficient.    59 Ark. 178; 38 Ark. 319.

WOOD, J., (after stating the facts.)    No question was raised in the court below as to the manner in which the levy was proved, nor as to the proof of the satisfaction of the execution directed and delivered to the constable, Dorsey, from  whom  •appellant claims.    Appellee virtually concedes that appellant would not be precluded from setting up his rights as a purchaser at the execution sale by the constable by. any failure of the constable to make proper return of the execution showing what had been done under it.    It clearly appears that the constable levied on the property in controversy prior to the levy that was made by the appellee, and, under the decision of this court in *Derrick* v. *Cole,* 60 Ark. 397, secured the prior lien, and it is also reasonably clear from the evidence that appellant purchased at the sale made by the constable under this levy.  Appellant's claim to the property in controversy is, therefore, prior and superior to the claim of appellee.

The judgment is therefore reversed, and the cause is remanded for new trial.